UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ETROY WILLIAMS,                             Case No. 12-10462

        Plaintiff,                         Denise Page Hood
v.                                          United States District Judge

ROB MOSSING, *et al.*,                      Michael Hluchaniuk
                                            United States Magistrate Judge
        Defendants.
_____/

**REPORT AND RECOMMENDATION
MOTION TO DISMISS (Dkt. 13) AND
<u>*SUA SPONTE*</u> DISMISSAL OF UNSERVED DEFENDANTS**

**I.    PROCEDURAL HISTORY**

      Plaintiff, a prisoner currently in the custody of the Michigan Department of Corrections, filed this civil rights action against two security officers who worked for a night club along with the police officers who arrested him and a third police officer who "lied" to the magistrate to obtain a search warrant of plaintiff's person and property. (Dkt. 1). Plaintiff applied for and was granted permission to proceed in this matter *in forma pauperis*. (Dkt. 6, 7). District Judge Denise Page Hood referred this matter to the undersigned for all pretrial proceedings. (Dkt. 10).

      Defendants Ronald Ainslie, Pat Barrigar, and Rob Mossing (the three police officers) filed a motion to dismiss the complaint based on the *Heck v. Humphrey*

doctrine. (Dkt. 13). Plaintiff filed his response to the motion to dismiss on July 20, 2012. (Dkt. 16). On August 3, 2012, defendants filed a reply in support of their motion to dismiss the complaint. (Dkt. 18). Plaintiff also filed a "sur-reply" to defendant's reply, which will not be considered because it was filed in violation of the Local Rules and without permission of the Court. (Dkt. 19). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and that defendants Williams and Hubbard[1] also be dismissed based on the doctrine of *res judicata*.

## II.   FACTUAL BACKGROUND

As noted by the parties, plaintiff previously filed a related action against only the security officers, the club where they were assigned, their employer, and the Warden of facility where plaintiff is in custody. *Williams v. Hubbard, et al*, Case No. 11-12591. This matter was dismissed by District Judge Avern Cohn as frivolous and failing to state a claim on which relief may be granted. *Id.*, Dkt. 13. Judge Cohn recounted the factual background as follows:

> The amended complaint, filed on July 22, 2011, alleges that, on January 29, 2011, defendants Michael Hubbard and John Williams followed plaintiff as he and an acquaintance exited the parking lot of Club Status. At

---

[1] Defendants Williams and Hubbard have neither been served with the summons and complaint nor appeared in this action.

the time, Hubbard and Williams were employed by Elite as security guards for Club Status. Plaintiff stopped his vehicle in a secluded area in order to urinate. Hubbard and Williams stopped their vehicle and approached plaintiff to ask whether he had any drugs or weapons. When Plaintiff responded, "No," Hubbard searched the interior and trunk of plaintiff's car while Williams stood guard. Hubbard found a firearm under the driver's seat of plaintiff's vehicle and a box of shells in the trunk of the car. Hubbard and Williams reported the incident to the State Police. As a result, plaintiff was placed in the Genesee County Jail and charged with violating the conditions of parole.

On February 20, 2011, plaintiff was transferred to the Egeler Reception and Guidance Center for a parole revocation hearing. The parole-violation charges were dismissed without prejudice when the authorities could not locate Hubbard and Williams. The Parole Board then recommended that plaintiff be reinstated on parole. On the following day, however, the parole-violation charges were reinstated due to a federal detainer, which was lodged against plaintiff. Plaintiff asked defendant Heidi Washington to send a notice of disposition to the appropriate federal agency. Plaintiff says that Washington failed to comply with plaintiff's request. Instead, she arranged to have plaintiff transferred to his current location at Mound Correctional Facility. As of the date of the amended complaint, plaintiff still had not had a parole revocation hearing.

*Id.*

To further round out the facts, plaintiff's complaint in this case specifically alleges that Troopers Rob Mossing and Pat Barrigar responded to the call. (R1, Complaint, p 10, ¶11). Plaintiff also alleges that the Troopers placed him under

arrest and seized the firearm as evidence.  As defendant's point out, this represents the entirety of plaintiff's allegations against defendants Mossing and Barrigar. Plaintiff offers conclusory allegations of conspiracy, but he admits that the police were not called until after the search.  Det/Sgt. Ronald Ainslie later filed an application for a search warrant to take a saliva sample from Plaintiff and conduct a sniff test on plaintiff's vehicle with a K-9 unit.  Plaintiff alleges that Det/Sgt Ainslie made false statements in the affidavit.  (R1, Complaint, p. 19).  These false statements regarded the position of the gun under the seat of the vehicle, and whether Hubbard and Williams provided security for the parking lot.  (R1, Complaint, p 19-21).

On December 21, 2011, plaintiff pleaded guilty to the charge being a felon in possession of firearm, arising from the events of January 29, 2011.  (E.D. Mich. Case No. 11-cr-20088, Dkt. 19).  Plaintiff's plea was accepted by District Judge Mark A. Goldsmith on January 20, 2012.  (Case No. 11-cr-20088, Dkt. 21).  A judgment was entered on April 20, 2012.  (Case No. 11-cr-20088, Dkt. 23). Plaintiff filed an appeal with the Sixth Circuit and then filed a motion to voluntarily dismiss the appeal, which was granted by the Court of Appeals on December 7, 2012.  (Case No. 11-cr-20088, Dkt. 29).  Plaintiff's conviction has not been overturned.  Plaintiff's complaint seeks to bring claims against defendants Mossing, Barrigar, and Ainslie under 42 U.S.C. § 1983 for violations

of plaintiff's Fourth, Fifth, and Fourteenth Amendment rights.

## III. ANALYSIS AND CONCLUSIONS

### A. Defendants Hubbard and Williams

As to defendants Hubbard and Williams, who have not yet been served, the Court invokes the doctrine of *res judicata*, *sua sponte*, in the interests of judicial economy, pursuant to *Holloway Construction Company v. United States Department of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) ("[A] district court may invoke the doctrine of *res judicata* in the interests of, *inter alia*, the promotion of judicial economy."). The dismissal of claims under 28 U.S.C. § 1915(e)(2)(B) "creates a res judicata bar to the presentation of further *in forma pauperis* [2] cases raising the same claims." *See e.g.*, *Taylor v. Reynolds*, 22 Fed.Appx. 537, 539 (6th Cir. 2001); *see also Harmon v. Webster*, 263 Fed.Appx. 844, 845-46 (11th Cir. 2008) (*per curiam*) (dismissal of prior complaint under 28 U.S.C. § 1915(e)(2) constituted an adjudication on the merits for *res judicata* purposes), cert. denied, 555 U.S. 1183 (2009). As set forth in Judge Cohn's Order of Dismissal, after finding that Hubbard and Williams were not state actors and could not be sued

---

[2] However, such a dismissal may not have a *res judicata* effect except as to frivolousness determinations for future *in forma pauperis* petitions. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992) ("Because a § 1915(d) [now § 1915(e)] dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute, the dismissal does not prejudice the filing of a **paid** complaint making the same allegations. It could, however, have a *res judicata* effect on frivolousness determinations for future *in forma pauperis* petitions.") (emphasis added).

under § 1983, the complaint against Hubbard and Williams was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (Case No. 11-12591, Dkt. 13, Pg ID 57). In addition, Judge Cohn denied plaintiff's motion for reconsideration and his motion to amend the complaint. (Case No. 11-12591, Dkt. 16, Pg ID 88-92). Here, plaintiff's complaint against Hubbard and Williams is plainly barred by the doctrine of *res judicata*, given that he is proceeding *in forma pauperis*, and should be dismissed.

### C. Defendants Mossing, Barrigar, and Ainsle

Plaintiff's constitutional claims based on 42 U.S.C. § 1983 of illegal search and seizure and false arrest against any or all of the defendants fail because plaintiff did not achieve favorable termination of the criminal prosecution. *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010). The *Heck v. Humphrey* doctrine is applicable and requires the following:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010), citing, *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). In *Heck*, the Supreme Court stated that actions

premised on § 1983 require the final adjudication of the criminal proceeding to be decided in the favor of the accused in order to prevent the possibility of contradictory resolutions of a claimant from succeeding in a tort action, yet being convicted in the criminal action. *Heck*, 512 U.S. at 484. Essentially, "a claim of damages bearing that relationship to a conviction or sentence [that] has not been so invalidated is not cognizable under § 1983. *Id*. at 487. The *Heck* doctrine requires that the § 1983 action must not be an attempt to invalidate the prior conviction whereby the court must look to the claims raised by the § 1983 action and the specific offenses for which the § 1983 claimant was convicted, and not to the set of comparable facts between the § 1983 claim and the conviction. *Schreiber*, 596 F.3d at 334, referencing, *Swiecicki v. Delgado*, 463 F.3d 489, 493 (6th Cir. 2006).

Plaintiff contends that his claims are not barred by *Heck* because he is not challenging his conviction, but only the search of his vehicle and subsequent arrest. Similar claims have been rejected a number of times in other cases, as defendants point out. For example, in *Morris v. City of Detroit*, 211 Fed.Appx. 409, 410-11 (6th Cir. 2006), the Sixth Circuit rejected a claim attacking the constitutionality of the criminal investigation on which a conviction was based:

> A finding that his confession was impermissibly coerced, as would be necessary to establish damages in a § 1983 action, would correspondingly demonstrate the invalidity

>of the accessory-after-the fact adjudication and associated sentence of probation, in contravention of *Heck*. *See id.* at 481-82, 487. This court has held that a challenge to a criminal investigation that led to a conviction necessarily challenges the validity of the conviction, and therefore falls within the Heck framework. *See Dusenbery v. Graves*, No. 97-4387, 1999 U.S. App. LEXIS 19452, 1999 WL 617932, *1 (6th Cir. Aug. 12, 1999).

*Morris,* 211 Fed.Appx. at 410-11. Plaintiff's claims are indistinguishable and are, therefore, barred by *Heck v. Humphrey*.

Further, plaintiff's argument that somehow the result should be different because he pleaded guilty is equally unavailing. "Fourth Amendment claims arising out of searches occurring prior to a guilty plea and incarceration are precluded by *Heck v. Humphrey*, 512 U.S. 477, 487 ... (1994), on the grounds that a civil suit holding that these searches were improper would undermine the basis of Petitioner's guilty plea and sentence." *Jacob v. Township of West Bloomfield*, 531 F.3d 385, 388 (6th Cir. 2008). Plaintiff has simply provided no basis to avoid the bar of *Heck v. Humphrey*.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** and that defendants Hubbard and Williams also be **DISMISSED** *sua sponte* based on *res judicata*.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 23, 2013                    s/Michael Hluchaniuk
                                          Michael Hluchaniuk
                                          United States Magistrate Judge

# CERTIFICATE OF SERVICE

     I certify that on <u>January 23, 2013</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Erik A. Grill</u> and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): <u>Etroy Williams, ID# 190376, WEST SHORELINE CORRECTIONAL FACILITY, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444</u>.

                                      s/Tammy Hallwood
                                      Case Manager
                                      (810) 341-7887
                                      tammy_hallwood@mied.uscourts.gov