UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ETROY WILLIAMS,

        Plaintiff,

v.

        Case No. 12-CV-10462
        Honorable Denise Page Hood

ROB MOSSING, *et al.*,

        Defendants.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION, GRANTING MOTION TO DISMISS, AND DISMISSING *SUA SPONTE* UNSERVED DEFENDANTS**

**I.**

This civil rights action is now before the Court on Magistrate Judge Michael Hluchaniuk's Report and Recommendation recommending that this Court grant Defendants' Motion to Dismiss and *sua sponte* dismiss the remaining Defendants pursuant to the doctrine of res judicata. On February 8, 2013, Plaintiff requested an enlargement of time in order to file an objection to the Report and Recommendation. [Docket No. 25] The Court granted Plaintiff's request and allowed the Plaintiff until Monday, March 11, 2013 to file an objection to the Report and Recommendation. [Docket No. 26] Plaintiff filed a Motion for Reconsideration, which the Court will construe as an objection to the Report and Recommendation. For the reasons stated below, the Court accepts the Report and Recommendation in its entirety, grants Defendants' Motion to Dismiss, and dismisses Defendants Michael Hubbard and John Williams *sua sponte*.

II.

The facts of this case have been described in detail in the Report and Recommendation. Plaintiff makes no objection to the Magistrate Judge's findings of fact. The Court adopts them in their entirety.

III.

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections to the Report and Recommendation must be timely and specific. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) ("The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.") "[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). A party's failure to file any objections waives his or her right to further appeal, *Id.,* and relieves the Court from its duty to review the matter independently. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

IV.

The Magistrate Judge explained that the Court may invoke the doctrine of res judicata *sua sponte* in the interests of judicial economy. *See Holloway Constr. Co. v. United States Dep't of Labor,* 891 F.2d 1211, 1212 (6th Cir. 1989). Plaintiff previously filed a related action *in forma pauperis* before District Court Judge Avern Cohn. *Williams v. Hubbard, et al.*, Case No. 11-

12951. Plaintiff argues that Defendants Mossing, Barrigar, and Ainslie were not parties in the prior civil action and res judicata does not attach to them. However, the Magistrate Judge only found that res judicata applied to Defendants Hubbard and Williams. In the previous action, Judge Cohn dismissed Williams and Hubbard *with prejudice* because he concluded that they were not state actors and, therefore, Plaintiff could not show that they acted under color of law in order to maintain his section 1983 claim against them. It appears that Plaintiff does not object to the Magistrate Judge's conclusion as to Williams and Hubbard. The Court finds that the Magistrate Judge's conclusion is supported and dismisses Williams and Hubbard *sua sponte* because the action against them is barred by res judicata.

The Magistrate Judge further found that Plaintiff's section 1983 claims, which are based on the search and seizure underlying his conviction, are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). For the first time, Plaintiff argues that *Heck* does not apply because Plaintiff was the victim of race discrimination. The Court has reviewed the complaint and these allegations are not contained in it. An objection to the Magistrate Judge's Report and Recommendation is not the proper vehicle to amend the complaint. *See* E.D. Mich. L.R. 15.1. Nor is an objection the proper place to raise arguments that were never before the Magistrate Judge. *Murr v. United States*, 200 F.3d 895, 907 n.1 (6th Cir. 2000) ("while the Magistrate Judge Act . . . permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Plaintiff's argument is procedurally defaulted. The Court finds no error in the Magistrate Judge's conclusions and accepts them in their entirety.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation [Docket No. 22, filed January 23, 2013] is **ACCEPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Defendants Michael Hubbard and John Williams are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [Docket No. 13, filed June 29, 2012] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration [Docket No. 27, filed March 11, 2013], construed as an objection to the Report and Recommendation, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED**.

**IT IS SO ORDERED**.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 26, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2013, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager